Brooklyn, Queens County and Suburban Railroad Company, Respondent, *v.* The City of New York, Appellant.

Second Department, March 1, 1918.

Railroads — conveyance of turnpike property in consideration of exemption from repairing highway as required by Railroad Law — said exemption illegal — failure of consideration — railroad not entitled to credit of capital necessary to repair highway — new trial.

Where a suburban railroad company transferred to the former county of Queens turnpike property owned by it for the sum of one dollar, and in consideration thereof said county agreed to relieve the railroad company

from the expense of paving or repairing the portion of the street between its tracks and two feet outside thereof, which agreement by the county, after its consolidation with the city of Greater New York, was held to be illegal as contrary to the requirements of section 98 of the Railroad Law, so that a part of the consideration of the transfer of the turnpike property failed, the railroad company, suing to have its conveyance reformed so as to recite a consideration equal to the rights surrendered, is not entitled to have the consideration lost estimated at the capital necessary to produce an income sufficient to enable it to keep its portion of the highway in repair. Such a decision would give to the plaintiff the fruits of what has been adjudged to be void and illegal.

Without determining whether the action may be maintained the Appellate Division orders a new trial.

RICH, J., dissented, with opinion.

APPEAL by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 20th day of March, 1916, as resettled by an order entered in said clerk's office on the 8th day of April, 1916.

The judgment was entered upon the decision of the court after a trial at the Kings County Special Term after a certain question of fact had been submitted to a referee.

The plaintiff in this action, on August 16, 1897, agreed with the former county of Queens to convey to such county its turnpike property and franchise along Jamaica avenue between Brooklyn and Jamaica, in consideration of one dollar, in return for which plaintiff was given the right to operate upon this avenue a surface electric railroad with switches and turnouts, with a provision that no car license should be required of plaintiff by any municipal corporation within the boundaries of which any portion of such railroad shall be. It had further an extraordinary condition by which the county purported to relieve plaintiff from the expense of paving or repairing the portion of street between the tracks or elsewhere.

Afterwards the county regraded the avenue, and when plaintiff laid its tracks the county maintained the paving. Upon consolidation, plaintiff did nothing to keep the street paved. The city of New York refused to be bound by this county agreement, and after notice the city repaved the

portion within the tracks and two feet outside, and thereupon sued the plaintiff for $71,125.93, such paving costs.   Plaintiff's answer interposed this alleged agreement with the county of Queens.   The city's demurrer thereto, as *ultra vires,* was sustained.   (*City of New York* v. *Brooklyn, Q. C. & S. R. R. Co.,* 156 App. Div. 856; affd., 213 N. Y. 634.)   The opinion of Mr. Justice McLAUGHLIN, however, intimated that if the railroad company had to repave the street, " the consideration of the agreement for the conveyance, at least to that extent, fails; but if so, the defendant has its remedy, but not in this action." (156 App. Div. 861.)

Accordingly, in the present suit, plaintiff asks to have ascertained the valuation of the consideration for its agreement, and the extent that said consideration has failed; that on such ascertainment the city be restrained from using Jamaica avenue without repayment of such value, less this judgment for $71,125.93, and other repaving expenses of the city.   Or if plaintiff be not entitled to such relief, that the deed and agreement of August 16, 1897, be rescinded and plaintiff's former rights be restored, or, in the alternative, that the court determine the extent of plaintiff's rights in Jamaica avenue as of said date, and award plaintiff compensation for its interests taken by the city, and that the deed be reformed so as to recite a consideration equal to the rights so surrendered, after deducting any sums which may be due the city for repairing said street.

On the hearing the court decided that by such partial failure of consideration from the attempted terms of the contract or deed proving to be beyond the powers of the county, plaintiff had a right to the value of the consideration which it had relinquished to the city's predecessors.   It referred the " question as to the fair and reasonable value as of August 16, 1897, of the property, rights, privileges and franchises of the defendant, including the defendant's turnpike and plank road rights, franchises and easements in Jamaica Avenue in the County of Queens of the State of New York, which were relinquished, abandoned or lost, or which were conveyed, assigned, transferred or delivered by the Brooklyn, Queens County and Suburban Railroad Company to the said County of Queens, pursuant to the agreement made

by and between the said County of Queens, and the said Brooklyn, Queens County and Suburban Railroad Company on the 16th day of August, 1897."

The learned referee received expert testimony that it would cost $4,000 yearly to keep up the pavement about the car tracks, with an outlay for renewal every twenty years of $160,000; that $237,147.60 would have to be invested to produce an income sufficient for such outlay to keep and renew that portion of the avenue in good repair.

The minutes of the reference indicate that there was discussion as to the competency of such proof, but that on the referee's informal intimation that such sums might be the basis of a report, counsel did not go into the earnings of the plank road, or other legal elements of its value. The referee accordingly reported that the reasonable and fair valuation of plaintiff's rights, as of August 16, 1897, was at least $237,147.60. Upon such report plaintiff had a decree enjoining the city from collecting its judgment at law for $71,125.93 unless the city should pay to the plaintiff the capital sum of $237,147.60, and further providing that if this be not paid within ninety days, said injunction should be made perpetual, and such judgment at law should be satisfied and canceled. From this judgment the city has appealed.

*Terence Farley* [*Lamar Hardy, Corporation Counsel, Leon N. Futter, Josiah A. Stover* and *Hamilton Rogers* with him on the brief], for the appellant.

*Charles A. Collin* [*Charles L. Woody* and *George D. Yeomans* with him on the brief], for the respondent.

PER CURIAM:

Plaintiff's rights to be valued were its property and franchises in the plank road and tollgates in Jamaica avenue from Pennsylvania avenue, Brooklyn, to Grand street, Jamaica, as of August 16, 1897. It asks this because of the concession purporting to relieve it from obeying section 98 of the former Railroad Law,* which concession proved to be void, valueless and

---

* Gen. Laws, chap. 39 (Laws of 1890, chap. 565), § 98, as amd. by Laws of 1892, chap. 676; now Railroad Law (Consol. Laws, chap. 49; Laws of 1910, chap. 481), § 178, as amd. by Laws of 1912, chap. 368.— [REP.

wholly ineffective, after the consolidation of the city of New York with the county of Queens. Such consolidation had been enacted May 4, 1897 (Laws of 1897, chap. 378), to take effect January 1, 1898. Plaintiff's new franchise upon Jamaica avenue, granted when the Legislature had enacted consolidation, carried with it a privilege of the use of the avenue with no corresponding obligation to repair its pavement. The value of such dispensation from obeying the Railroad Law it now estimates at $237,147.60. This capitalized value of its unlawful dispensation from obeying the statute has been equated with the value of its prior rights surrendered. Here is a double error; one item of the new grant is made to measure the whole surrendered rights. Further, an illegal concession, naturally valuable in proportion to its disregard of public law, is taken to gauge and weigh the value of plaintiff's original franchise and property. In a different form, plaintiff would thus get the very fruits of what has been adjudged void because illegal.

Without attempting to determine whether the action may be maintained upon any theory other than that adopted on this first trial, we send back the case for a new trial to allow plaintiff to proceed as advised.

The judgment is, therefore, reversed, and the findings of fact made (except those setting forth the introductory history of these transactions) are severally reversed, with the conclusions of law, and a new trial granted, costs of this appeal to abide the final award of costs.

THOMAS, MILLS and PUTNAM, JJ., concurred; RICH, J., read for modification and affirmance; JENKS, P. J., not voting.

RICH, J. (dissenting):

I dissent, and, except for a modification of the judgment to which I believe the defendant to be entitled, I would vote to affirm upon the opinions of the learned justice at Special Term. The agreement made it obligatory upon the plaintiff's predecessor, and consequently upon it, to repair that portion of the avenue between its tracks or elsewhere, and restore the surface of the road as nearly as practicable to its former state of usefulness, as promptly as practicable, in all cases where it should " open, tear up, excavate or in any manner interfere

with the surface of such road for the purpose of relaying or repairing its tracks or appurtenances or otherwise." The judgment restrains the city from beginning or prosecuting an action for reimbursement for repairing the avenue, even although such repairs were made necessary by the act of the plaintiff in tearing up the street for the purpose of relaying or repairing its tracks; and I think it should be modified by adding to the 1st paragraph the following: Unless repairs are made necessary by the act of the plaintiff in opening, tearing up, or in any manner interfering with the surface of said avenue for the purpose of relaying or repairing its tracks or appurtenances, or otherwise, and have been made by the defendant after demand upon the plaintiff to perform its agreement by repairing and restoring the surface of the street so excavated, torn up or interfered with, as nearly as practicable to its former state of usefulness, and its refusal or omission so to do, thus securing to the city its rights under said agreement. I, therefore, vote to modify the judgment accordingly, and as so modified to affirm, without costs to either party in this court.

Judgment reversed, and the findings of fact made (except those setting forth the introductory history of the transactions) are severally reversed, with the conclusions of law, and a new trial granted, costs of this appeal to abide the final award of costs. Order to be settled on notice.